UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KELLY NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:13-cv-01872-JCM-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF NEVADA, et al., | ) | **ORDER** |
| | ) | |
| | ) | (Docket No. 32) |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment. Docket No. 32. Plaintiff asks the Court to strike Defendant's motion as untimely. *Id*. The Court has considered Plaintiff's motion, Defendant's Response, and Plaintiff's Reply. Docket Nos. 32, 34, 35. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

On December 1, 2014, Defendant filed its Motion for Summary Judgment. Docket No. 27. On December 29, 2014, Plaintiff responded to Defendant's motion and, on January 15, 2015, Defendant replied. Docket Nos. 30, 31. In Defendant's reply, it states that Plaintiff's response was filed four days late.[1] Docket No. 31, at 1.

On January 15, 2015, Plaintiff filed the instant Motion to Strike Defendant's Motion for Summary Judgment. Docket No. 32. Plaintiff cites Defendant's allegation that she filed her response four days late and states that, in fact, her response was timely filed.[2] *Id*., at 2. Plaintiff

---

[1] The docket states that Plaintiff's response was due on December 25, 2014. Docket No. 27.

[2] In support of her assertion, Plaintiff states that December 25, 2014, was Christmas Day, a legal holiday, and the Court was closed. *Id*., at 2. Pursuant to Fed.R.Civ.P. 6(a)(1)(C), if the deadline falls on a legal holiday, the period continues to run until the next day that is not a Saturday, Sunday or legal holiday. *Id*., at 3. Plaintiff next states that, pursuant to Fed.R.Civ.P. 6(a)(6)(A), if

1   asserts that Defendant's motion was filed late, and asks the Court to strike it. *Id*., at 3-4. Plaintiff
2   notes that the dispositive motions deadline was October 29, 2014, but that the parties had filed a
3   stipulation to extend that deadline to November 28, 2014. *Id*., at 4. Since Defendant filed its motion
4   on December 1, 2014, Plaintiff asserts that the motion was filed late, and asks the Court to strike it.
5   *Id*., at 4-5.

6   In response, Defendant asserts that the deadline for filing dispositive motions was November
7   28, 2014, the day after Thanksgiving. Docket No. 34, at 2. Since the clerk's office was closed on
8   that day, it was inaccessible. *Id*. Therefore, Defendant states that it properly filed its motion,
9   pursuant to Fed.R.Civ.P. 6(a)(3)(A), on Monday, December 1, 2014, the first day the Court was open
10  and the clerk's office was accessible. *Id*. Defendant asks the Court to either deny Plaintiff's motion
11  or extend the deadline to December 1, 2014, due to the Thanksgiving holiday. *Id*.

12  In reply, Plaintiff states that either both Defendant's motion and her response were filed
13  timely, or both were not. Docket No. 35, at 1-2. Plaintiff asks the Court to either strike Defendant's
14  motion as late-filed, or deem both parties' briefings timely filed.[3] *Id*., at 2.

15  The Court was closed on Friday, November 28, 2014, the last day for filing dispositive
16  motions, and the Clerk's Office was therefore inaccessible. Fed.R.Civ.P. 6(a)(3)(A). Therefore, the
17  Court finds that Defendant's motion was timely filed on Monday, December 1, 2014.

18  . . . .
19  . . . .
20  . . . .
21  . . . .

---

the clerk's office is inaccessible on a deadline, then the deadline runs to the first accessible day that is not a Saturday, Sunday or legal holiday. *Id*. Plaintiff then states that, since the clerk's office was closed on December 26, 2014, it was inaccessible and the first accessible day was Monday, December 29, 2014, the day she filed her response. Id. Therefore, Plaintiff asserts that her response was timely filed. *Id*.

[3] Plaintiff makes the request for the Court to deem both briefings as timely filed for the first time in reply. Issues raised for the first time in reply are waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990). Additionally, the Court notes that, although Defendant makes a statement regarding Plaintiff's response and its perceived lateness, Defendant does not ask for any Court action as a result, such as striking the response. *See* Docket No. 31.

1  Based on the foregoing, and good cause appearing therefore,

2  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Motion for
3  Summary Judgment, Docket No. 32, is DENIED.

5  DATED: January 26, 2015.

                                  _____
                                  NANCY J. KOPPE
                                  United States Magistrate Judge