UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELLY NGUYEN,

Plaintiff(s),

v.

STATE OF NEVADA, et al.,

Defendant(s).

Case No. 2:13-CV-1872 JCM (NJK)

ORDER

Presently before the court is defendant State of Nevada *ex rel.*, Nevada Department of Employment, Training, and Rehabilitation, Employment Security Division's ("DETR/ESD") motion for summary judgment. (Doc. # 27). Plaintiff Kelly Nguyen filed a response (doc. # 30), and defendant filed a reply, (doc. # 31).

Also before the court is plaintiff's motion for partial summary judgment on her fourth and fifth claims for relief. (Doc. # 26). Defendant filed a response (doc. # 28), and plaintiff filed a reply (doc. # 29).

## I. Background

The instant case involves claims of unlawful discrimination in violation of Title VII by plaintiff against her current employer, defendant DETR/ESD (Doc # 1). DETR/ESD is a department and division of the State of Nevada.

Nguyen is an Asian female. Her claims are largely based on race and sex discrimination. (Doc. # 1). Nguyen has been employed by DETR/ESD since September of 2002. (Doc. # 1). She has held the position of appeals referee II since January of 2011. (Doc. # 1).

In April of 2012, Nguyen applied for a promotion as chief appeals referee. Any persons who met the minimum qualifications of a "bachelor's degree in business administration, social science, English, or related field and four years of experience" could apply for the position. (Doc. # 27). DETR/ESD equates graduation from an accredited law school to one year of experience, but a law degree was not mandatory for the position. (Doc. # 27). Nguyen received a law degree from the University of Houston, but is not a member of the Nevada Bar. (Doc. # 30).

In May 2010, Nguyen interviewed for the position of chief appeals referee. Prior to DETR/ESD conducting interviews for chief appeals referee, human resources released a ranking of qualified candidates based on training and experience. (Doc. # 27). Human resources ranked Nguyen first and another female candidate second. (Doc. # 27). Craig Grossman ("Grossman") tied for third with another male candidate. (Doc. # 27). Nevada law requires that the top five candidates be invited to interview. (Doc. # 27-2). Of those invited to interview, Nguyen was the only minority and one of two women.

DETR/ESD promoted Grossman, a Caucasian male. A three person panel elected to appoint Grossman as chief appeals referee over the other five candidates that interviewed, including Nguyen.

Nguyen contends that Grossman was less qualified than she and was promoted because he submitted an organizational chart to the panel that incorrectly stated the number of employees he supervised. (Doc. # 1). Additionally, Nguyen claims that one of the panel members, Kelly Karch, is a close friend of Grossman and should have been excused from the panel. (Doc. # 1).

On July 30, 2012, Nguyen filed a discrimination charge with the EEOC. (Doc. # 30). On September 19, 2013, the EEOC dismissed Nguyen's charges due to a lack of evidence showing discrimination. (Doc. # 27). The State of Nevada Sexual Harassment and Discrimination Investigation Unit ("the investigation unit") also investigated Nguyen's allegations. (Doc. # 27). The investigation unit concluded that insufficient evidence existed to establish discrimination. (Doc. # 27).

Plaintiff alleges seven claims against DETR/ESD: (1) sex discrimination in violation of Title VII and NRS § 613.330(1); (2) race discrimination in violation of Title VII and NRS §

613.330(1); (3) retaliation in violation of Title VII and NRS § 613.330(1); (4) declatory judgment that Nev. Admin. Code § 284.696 (2014) codifies unlawful retaliation as Nevada Law; (5) injunction against the enforcement of Nev. Admin. Code § 284.696 (2014); (6) depravation of civil rights in violation of U.S.C. § 1981; and (7) negligent hiring and supervision.

Nguyen's complaint named both the State of Nevada and DETR/ESD as defendants in this matter. (Doc. # 1). Following defendants' failure to file an answer or otherwise respond, Nguyen filed a motion for default judgment against DETR/ESD and the State of Nevada. (Doc. # 7). Defendants filed a response in opposition. (Doc. # 8).

On February 27, 2014, the parties stipulated to allow defendant DETR/ESD more time to answer plaintiff's complaint. The court granted the parties' stipulation and mooted the motion for default judgment as to DETR/ESD. The court found no statutory justification for the State of Nevada to be a proper stand-alone defendant in this matter and denied plaintiff's motion for default judgment as to the State of Nevada. (Doc. # 12).

## II. Legal standards

### *A. Summary judgment*

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

. . .

**III. Discussion**

*A. Title VII discrimination based on sex and race*

Title VII claims are analyzed through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this analysis, plaintiffs must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). "Establishing a prima facie Title VII case in response to a motion for summary judgment requires only minimal proof and does not even need to rise to the level of a preponderance of the evidence." *Palmer v. Pioneer Ass'n.* , 338 F.3d 981, 984 (9th Cir. 2003) (internal citations and quotations omitted).

To establish a prima facie case, plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for her position and was performing her job in a satisfactory manner; (3) she suffered an adverse employment action; and (4) that similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action gives rise to an inference of discrimination. *See, e.g., Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011).

"If plaintiffs establish a prima facie case, the burden of production, not of persuasion, shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1155 (internal citations and quotations omitted). "If defendant meets this burden, plaintiffs must then raise a triable issue of material fact as to whether the defendant's proffered reason are mere pretext for unlawful discrimination." *Id.*

"A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1171 (9th Cir. 2007) (internal citations, quotations, and alterations omitted). "All the evidence as to pretext–whether direct or indirect–is to be considered cumulatively." *Id.*

Defendant does not dispute that plaintiff is a member of a protected class and was qualified for her position. The court will thus analyze whether she suffered an adverse employment action that was not imposed on similarly situated employees outside her protected class. (Docs. ## 1, 13).

Adverse employment actions include refusals to promote. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (citing *Wyatt v. City of Boston*, 35 F.3d 13, 15-16 (1st Cir.1994)). Plaintiff asserts that defendant's failure to promote plaintiff over Grossman is an adverse employment action. (Doc. ## 1, 27).

As evidence, plaintiff submitted a ranking sheet prepared by human resources. (Doc. # 30-3). The ranking shows that the two highest ranked individuals were women. Plaintiff, a minority, was the top ranked individual. Neither woman received the promotion. The court finds that these facts sufficiently imply discrimination regarding plaintiff's failure to receive the promotion. Therefore, plaintiff has sufficiently established a prima facie case of Title VII discrimination.

Defendant shows a legitimate, nondiscriminatory reason for not promoting plaintiff. *See Hawn*, 615 F.3d at 1155. Here, defendant has provided evidence that plaintiff interviewed poorly and, during her interview, inappropriately attempted to use confidential personnel records to discredit other candidates. (Doc. # 27). Thus, defendant carries its burden that there was a legitimate, nondiscriminatory reason for not promoting plaintiff.

Plaintiff fails to produce any evidence demonstrating that defendant's stated reasons for promoting Grossman over her are pretextual. Plaintiff continually alleges her superiority over Grossman due to her number one ranking and her law degree. (Docs. ## 1, 26). However, according to the administrator for DETR/ESD, once selected for an interview, all candidates are considered equal and rank is not a factor. (Doc. # 27-4). Additionally, a law degree merely substitutes as one year of the four years required experience and is not required for the position. (Doc. # 27-3).

Plaintiff fails to provide evidence of pretext and thus fails to support her claim. Accordingly, the court will grant defendant's motion for summary judgment concerning Title VII and NRS § 613.330(1) discrimination.

**James C. Mahan**
**U.S. District Judge**

*B. Retaliation*

Under Title VII, "it is unlawful to retaliate against an employee because she has taken action to enforce rights protected under Title VII." *Miller v. Fairchild*, 797 F.2d 727, 730 (9th Cir. 1986). To establish a prima facie case for retaliation, a plaintiff must demonstrate: (1) protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006). 42 U.S.C. § 1981 also applies to retaliation claims based on race. *Manatt*, 339 F.3d at 800-01.

"Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases." *Bell v. Clackamas Cty.*, 341 F.3d 858, 865 (9th Cir. 2003). Further, "where . . . the person who exhibited discriminatory animus influenced or participated in the decision making process, a reasonable factfinder could conclude that the animus affected the employment decision." *Dominguez-Curry v. Nev. Trans. Dep't*, 424 F.3d 1027, 1038-39 (9th Cir. 2005).

"Once a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-retaliatory explanation for the action." *Miller*, 797 F.2d at 731. "If the employer successfully rebuts the inference of retaliation that arises from establishment of a prima facie case, then the burden shifts once again to the plaintiff to show that the defendant's proffered explanation is merely a pretext for discrimination." *Id.*

The Supreme Court has clarified the standard of proof with respect to causation, holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Defendant does not dispute that plaintiff engaged in a protected activity. (Doc. # 27). The court will thus analyze whether plaintiff suffered an adverse employment action that bears a causal link to the protected activity.

Plaintiff claims that defendant retaliated against her by not allowing her to bring a claim under Nev. Admin. Code § 284.696 in addition to her EEOC claim. (Doc. # 1). Plaintiff asserts that she had concerns about the integrity of the hiring process that were separate from her discrimination charges filed with the EEOC. (Doc. # 30). Thus, plaintiff argues that defendant denying her access to Nev. Admin. Code § 284.696 is an adverse employment action.

Defendant responds that plaintiff suffered no adverse employment action, nor was she denied access to the Nev. Admin. Code § 284.696 grievance procedure, because defendant responded to plaintiff's grievance.

Here, defendant informed plaintiff that it was aware she had filed an EEOC complaint and that the investigation unit was addressing her concerns, including those unrelated to discrimination. (Docs. ## 27, 31). Defendant instructed plaintiff that it would allow the investigation unit's inquiry to run its course and after review by the investigation unit was concluded, "a determination will be made as to what action, if any, is necessary to bring your concerns to resolution." (Doc. # 27-9). The investigation unit ultimately concluded there was insufficient evidence of discrimination and plaintiff fails to assert why an analogous investigation by DETR/ESD is warranted.

Furthermore, after the EEOC dismissed plaintiff's claim, the employee management committee ("the committee"), permitted her to escalate her grievance and request a hearing. (Doc. # 27). The committee is separate and apart from DETR/ESD and is not a party to this suit. (Doc. # 27). The committee ultimately denied plaintiff's request for a hearing due to lack of jurisdiction and plaintiff's duplicate submission of her claims to the investigation unit. (Doc. # 27).

All of plaintiff's claims, including her concerns about the integrity of the hiring process, were addressed by the EEOC and the investigation unit. (Doc. # 31). Moreover, while defendant provided plaintiff access to the grievance procedure, according to Nev. Admin. Code § 284.696, defendant need not have done so.[1]

---

[1] Nev. Admin. Code § 284.696 is a disjunctive, not conjunctive, test. This implies that the State of Nevada need not have provided plaintiff with access to the internal grievance procedure.

James C. Mahan
U.S. District Judge

Plaintiff's claim makes no sense. She was not denied access to the internal grievance procedure. Plaintiff merely did not receive the outcome she wished.

The court finds plaintiff did not suffer an adverse employment action. Accordingly, the court will grant summary judgment for defendant concerning Title VII retaliation.

*C. Violation of Nev. Admin. Code § 284.696*

Nev. Admin. Code § 284.696 states that "an employee alleging unlawful discrimination based on any pertinent state or federal law or regulation may … use the procedure for the adjustment of a grievance contained in NAC 284.658 to 284.6957, inclusive; **or** file a complaint with … [t]he United States Equal Employment Opportunity Commission." Nev. Admin. Code § 284.696 (2014) (emphasis added).[2]

Plaintiff alleges that after filing a claim with the EEOC, defendant denied her access to the internal grievance procedure of the State of Nevada under Nev. Admin. Code § 284.696. Plaintiff seeks declatory judgment that the relevant section of code codifies unlawful retaliation in violation of Title VII toward employees who file discrimination charges. (Doc. # 1). Plaintiff also asks this court to grant an injunction against the enforcement of Nev. Admin. Code § 284.696. (Doc. # 1).

---

[2] Nev. Admin. Code § 284.696 (2014) in its entirety states:

1. An employee alleging unlawful discrimination based on any pertinent state or federal law or regulation may:
   a. Report the alleged discrimination to:
      i. The division of the Division of Human Resource Management that investigates sexual harassment and discrimination;
      ii. The Attorney General;
      iii. The employee's appointing authority;
      iv. An equal employment opportunity officer;
      v. A personnel representative of the department in which the employee is employed; or
      vi. The office charged with enforcing affirmative action within the appropriate university, state college or community college which is part of the Nevada System of Higher Education;
   b. Except as otherwise provided in NRS 284.384, use the procedure for the adjustment of a grievance contained in NAC 284.658 to 284.6957, inclusive; or
   c. File a complaint with:
      i. The Nevada Equal Rights Commission pursuant to NRS 613.405; or
      ii. The United States Equal Employment Opportunity Commission.
2. The appointing authority of an employee who has alleged unlawful discrimination shall promptly notify the deputy attorney general or staff counsel assigned to represent the agency of the allegation and the actions which are being undertaken by the agency to address the allegation.

James C. Mahan
U.S. District Judge

Defendant argues that these remedies, which were brought against the "State of Nevada," (doc # 1) should be dismissed because this court determined that the State of Nevada is not a proper stand-alone defendant in this matter. (Doc. # 12). Moreover, defendant states, and plaintiff does not dispute, that Nev. Admin. Code § 284.696 was adopted and is enforced by the personnel commission, who is not named in this suit. (Doc. # 28). Defendant also states that even if plaintiff had properly asserted her claims, they would be barred by Eleventh Amendment immunity. (Doc. # 28).

Plaintiff counters that DETR/ESD, not the personnel commission is the proper party here because retaliation under Title VII only applies to employer/employee relationships and the personnel commission has never been plaintiff's employer. (Doc. # 30).

The Ninth Circuit has held that "Title VII [does] not explicitly require a direct employer-employee relationship." *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003). In *Anderson*, the court emphasized that "[t]his might occur where a defendant subject to Title VII interferes with an individual's employment opportunities." *Id.*

The Nevada Administrative Code is enacted and enforced by the personnel commission. (Doc. # 28). While the personnel commission is not and never has been an employer of plaintiff, plaintiff may still be permitted to bring a Title VII claim against the personnel commission should Nev. Admin. Code § 284.696 unlawfully retaliate against Nevada employees. *See id.* The court finds that DETR/ESD is not the proper party in the instant case because it did not enact or enforce any provision of Nev. Admin. Code § 284.696. (Doc. # 28)

Moreover, even assuming that DETR/ESD was the proper party in this suit, declatory judgment and injunctive relief are inappropriate here because, as stated above, plaintiff was not denied access to the internal grievance procedure under Nev. Admin. Code § 284.696. Defendant adequately considered plaintiff's claims in light of the ongoing inquiry by the investigation unit, which ultimately determined plaintiff's claims lacked sufficient evidentiary proof of discrimination. (Doc. # 27).

Because DETR/ESD is not the proper party in this suit, this court will not address whether Eleventh Amendment immunity is applicable. Accordingly, the court will grant summary judgment for defendants with respect to plaintiff's Nev. Admin. Code § 284.696 claims.

*D. Violation of 42 U.S.C. § 1981 and negligent hiring and supervision*

"Sovereign immunity under the Eleventh Amendment is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011). A state may waive its Eleventh Amendment immunity but absent waiver, federal courts "may not entertain a private person's suit against a State." *Id.* The Eleventh Amendment also bars suit against state agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984).

Similarly, the Eleventh Amendment prohibits damages against state officials sued in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). The policy underlying each of these protections is that the Eleventh Amendment shields a state's treasury from paying money judgments absent the state's consent to suit. *See Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1941).

Here, plaintiff seeks a money judgment against defendant DETR/ESD, an agency of the State of Nevada. (Doc. # 1). Defendant does not waive its Eleventh Amendment immunity. (Doc. # 31). Accordingly, these claims are dismissed pursuant to Nevada's Eleventh Amendment immunity. *See Ford Motor Co.*, 323 U.S. at 464.

Moreover, even assuming arguendo that the Eleventh Amendment immunity did not apply, plaintiff's § 1981 claim would fail because when the court analyzes § 1981 claims, we apply "the same legal principles as those applicable in a Title VII disparate treatment case." *Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). This court has determined that plaintiff's Title VII claims should be dismissed. Therefore, plaintiff's 42 U.S.C. § 1981 claim lacks merit and is dismissed with prejudice.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Nevada Department of Employment, Training, and Rehabilitation, Employment Security Division's motion for summary judgment (doc. # 27) be, and the same hereby is, GRANTED with respect to all claims.

IT IS FURTHER ORDERED that plaintiff Kelly Nguyen's motion for partial summary judgment on her fourth and fifth claims for relief (doc. # 26) be, and the same hereby is, DENIED.

DATED July 16, 2015.

James C. Mahan
UNITED STATES DISTRICT JUDGE